### In re RECORD CLUB OF AMERICA, INC., Debtor.

### RECORD CLUB OF AMERICA, INC., Plaintiff,

### v.

### ATLANTIC RECORDING CORP., Defendant.

### Bankruptcy No. 74–553.

United States Bankruptcy Court, M.D. Pennsylvania.

June 9, 1983.

---

Nancy Grossman, New York City, for plaintiff.

John W. Thompson, Jr., York, Pa., for defendant.

## MEMORANDUM AND ORDER

ROBERT J. WOODSIDE, Bankruptcy Judge.

On February 18, 1982, Record Club of America (RCOA) was awarded a judgment against Atlantic Recording Corporation in the amount of $101,446.90 with interest in the amount of $50,626.01 based upon its claim that Atlantic had received a voidable preference. The subject judgment was appealed by Atlantic Recording Corporation to the U.S. District Court for the Middle District of Pennsylvania which Court affirmed the judgment of the Bankruptcy Court. Atlantic appealed the affirmance of the judgment to the United States Court of Appeals for that Third Circuit under Third Circuit Rule 12(b) (Case No. 82–3377). On February 18, 1983, the Third Circuit issued a "Judgment Order" finding that "the Bankruptcy Court's findings of fact are not clearly erroneous, and we find no legal error." 707 F.2d 1403.

By March 25, 1983, there had been no move by Atlantic to appeal the judgment beyond the Third Circuit Court level and the judgment had not been paid. On that date the Third Circuit, United States Court of Appeals issued a certified judgment order giving it explicitly the effect of a mandate for the payment of the judgment.

On April 5, 1983, RCOA filed a motion with this court to enforce the subject mandate for payment of the judgment by Atlantic or in the alternative to order Atlantic to answer certain post-judgment discovery interrogatories. This motion was set for hearing on April 11, 1983. At the hearing the Court gave Atlantic ten days to advise the Court of whether they intended to appeal the judgment beyond the Court of Appeals level or to pay the amount of the judgment plus interest. After receiving no reply from counsel for Atlantic within the ten days set, this court contacted counsel and was advised that a check was in counsel's office and was being mailed to the Clerk's office. This check was from Atlantic and was made payable to the Clerk of the U.S. Bankruptcy Court.

On May 4, 1983, Atlantic filed an Application for Segregation of Funds and the check made payable to the Clerk of the U.S. Bankruptcy Court in the amount of $152,072.91 was received. The Application asserted that the subject money should be held by this Court as a deposit to provide security to Atlantic to cover its claim against RCOA which is still pending in this Court. Accompanying this Application was an Interim Order which the Court was asked to sign, ex parte, which called for the Clerk to open an account and deposit the subject funds until the further order of the court. This Court was faced with either

signing the order and expediting deposit of the funds so as to quickly assure interest could be earned pending resolution of the issues raised or sending the check back for issuance in the name of RCOA. Due to the amount involved and the record of delays in the matter, this court chose to sign the "Interim Order" submitted by Atlantic.

Debtor, RCOA has proposed its own order which adjusts the amounts to be placed into the Chapter 11 Plan deposit to amounts commensurate with that required by the claims against the estate which have been adjudicated to date. The RCOA proposed order calls for the funds to be invested in the same depository which serves for the plan proper.

Without ruling on the merits of Atlantic's "Application for Segregation of Fund", this court does not feel that payment to RCOA should be delayed any longer. There is, what is in effect, a mandate from the Circuit Court that the judgment of RCOA be paid. This cannot be circumvented by Atlantic's contentions that RCOA does not have enough money on deposit as required by the Plan. The money in question is RCOA's money. If there is merit to Atlantic's contentions, the Court will order RCOA to pay additional moneys towards the deposit. The Court will sign an order along the lines proposed by RCOA. The Court also directs RCOA to file an answer to the application so that a hearing can be held on it.